**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN ZARCO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** 1-21-cv-509 |
| **HERITAGE TRANSPORT, LLC AND** | § | |
| **KENNETH RAY JEWETT,** | § | |
| | § | |
| **Defendant.** | § | |

---

**DEFENDANT HERITAGE TRANSPORT, LLC'S
FEDERAL NOTICE OF REMOVAL**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Heritage Transport, LLC (collectively referred to as "Heritage Transport" or "Defendant") and files this Notice of Removal under 28 U.S.C. §1446(a) and respectfully shows the Court the following:

**I.
FACTUAL BACKGROUND**

1.1     On or about April 28, 2021, Plaintiff filed Plaintiff's Original Petition in the matter styled *Christian Zarco v. Heritage Transport, LLC and Kenneth Ray Jewett,* Cause No. D-1-GN-21-001943, pending in the 53rd Judicial District Court of Travis County, Texas, in which Plaintiff made a claim for damages pursuant to an automobile accident which occurred on or about August 18, 2019.

1.2     Plaintiff served Defendant Heritage Transport with Plaintiff's Original Petition and process on May 10, 2021.

1

1.3     Simultaneously with the filing of this Notice of Removal, Defendant submits the following:

- **Exhibit A:** Index of the Travis County District Clerk that clearly identifies each document and indicates the date the document was filed in state court.

- **Exhibit B:** Plaintiff's Original Petition and Request for Disclosure (filed April 28, 2021)

- **Exhibit C:** Citation issued to Heritage Transport, LLC

- **Exhibit D:** Defendant Heritage Transport, LLC's Original Answer (filed May 28, 2021)

- **Exhibit E:** Travis County District Court Docket Sheet

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition and Request for Disclosure.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Venue is  proper in the U.S. District Court for the Western District of Texas 28 U.S.C. §§ 1332 (a)(1), 1441 9a), and 1446.

2.3     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP.**

2.4     Plaintiff is and was at the time he filed this lawsuit, a citizen of the State of Texas (Exhibit B, p. 1).

9416599v1
03982.644

2.5     Defendant Heritage Transport, LLC is an Indiana company with its principal place of business in Indiana and is a citizen of the State of Indiana for diversity purposes, and therefore, complete diversity exists.

2.6     Defendant Kenneth Ray Jewett is not a citizen of the State of Texas. (Exhibit B, p. 1) for diversity purposes, and therefore, complete diversity exists.[1]

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.7     The amount in controversy in the State Civil Action exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). Plaintiff has specifically plead she is seeking "monetary relief over $1,000,000.00." (Exhibit B, p. 5). Thus, the amount in controversy exceeds that required for federal jurisdiction.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Heritage Transport was served with Plaintiff's Original Petition and Request for Disclosure and process on May 10, 2021.   This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

---

[1] Defendant Kenneth Ray Jewett has not been served as of the filing of this Notice of Removal

9416599v1
03982.644

3.4      Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Travis District Court, promptly after Defendant files this Notice.

## IV.
## <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Heritage Transport, LLC respectfully request that the Court remove the State Civil Action to United States District Court for the Western District of Texas, and to grant Defendant all other and further which the Court deems Defendant is entitled to under law, in equity, or otherwise.

Respectfully Submitted,

Daniel P. Buechler
State Bar No. 24047756
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com

Lauren C. Doughty
State Bar No. 24087442
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone:  (512) 708-8200
Facsimile:  (512) 708-8777
Email:  ldoughty@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**HERITAGE TRANSPORT, LLC**

4

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on June 9, 2021, I served the following document on all counsel of record via electronic notice and/or facsimile pursuant to and in accordance with the Federal Rules of Civil Procedure:

Benedict "Ben" James
Lauren Spencer
Esteban Sandoval
Sandoval James PLLC
Benedict.James@sj-lawfirm.com
Lauren.Spencer@sj-lawfirm.com
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, Texas 78759
512.382.7707
512.382.6646 (fax)

**ATTORNEYS FOR PLAINTIFF**

_____
Lauren C. Doughty

9416599v1
03982.644

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN ZARCO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.** |
| **HERITAGE TRANSPORT, LLC AND** | § | |
| **KENNETH RAY JEWETT,** | § | |
| | § | |
| **Defendant.** | § | |

---

## STATE COURT RECORD INDEX

---

The following in an index of all documents that clearly identifies each document and indicates the date the document was field with the Travis county District Court in this case.

| Exhibit | Date | Document |
|---------|------|----------|
| A | June 8, 2021 | State Court Record Index |
| B | April 28, 2021 | Plaintiff's Original Petition |
| C | May 7, 2021 | Citation Issued to Heritage Transport, LLC |
| D | May 28, 2021 | Defendant Heritage Transport, LLC's Original Answer to Plaintiff's Original Petition |
| E | June 8, 2021 | Travis County District Docket Sheet |

9415266v1
03982.644

EXHIBIT A

4/28/2021 2:23 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001943
Ruben Tamez

CAUSE NO. D-1-GN-21-001943

| | | |
|---|---|---|
| CHRISTIAN ZARCO | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | 53RD  JUDICIAL DISTRICT |
| | § | |
| HERITAGE TRANSPORT, LLC AND | § | |
| KENNETH RAY JEWETT | § | |
| *Defendants,* | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, **CHRISTIAN ZARCO**, hereinafter referred to by name or as "Plaintiff," and complains of **HERITAGE TRANSPORT, LLC** and **KENNETH RAY JEWETT** (hereinafter referred to by name or as "Defendants,") and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff is an individual residing in Leander, Travis County, Texas.

3.    Defendant **KENNETH RAY JEWETT** is an individual and not a resident of Texas. This Defendant may be served by and through the Secretary of State via in-person delivery or overnight mail to James E. Rudder Building 1019 Brazos, Room 105, Austin, Texas 78701 or certified mail return-receipt-requested to the Secretary of State via certified mail return-receipt-requested to P.O. Box 12079, Austin, Texas 78711-2079.

EXHIBIT B

This nonresident Defendant does not have a designated agent for service of process; the nonresident does not maintain a regular place of business in Texas; and the nonresident does not have a designated agent for service of process. However, this lawsuit arises from the nonresident's business in Texas. Specifically, this Defendant committed a negligent act, described in further detail below, with reasonably foreseeable consequences in Texas.

4.     Defendant **HERITAGE TRANSPORT, LLC** is a foreign, legal entity conducting business in the State of Texas. This Defendant may be served by and through its registered agent, C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

### III.
### JURISDICTION & VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas. The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

6.     Venue is proper before this Court under § 15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the crash which injured Plaintiff and a substantial part of the events giving rise to this claim occurred in Travis County, Texas.

### IV.
### FACTS

7.     On or about August 18, 2019, Plaintiff, **CHRISTIAN ZARCO**, was lawfully traveling on FM 620 in Austin, Travis County, Texas, when Defendant **KENNETH RAY JEWETT** failed to maintain control over his vehicle, failed to control speed, failed to maintain an assured clear

distance, and crashed into the rear of Plaintiff's vehicle.. At the time of the collision, Defendant **KENNETH RAY JEWETT** was operating his vehicle in the course and scope of his employment with, or in furtherance of the business of, Defendant **HERITAGE TRANSPORT, LLC.** As a result of this collision, Plaintiff **CHRISTIAN ZARCO** sustained injuries and damages as further set out below.

## V.
## CAUSES OF ACTION AGAINST KENNETH RAY JEWETT

8.      The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of the Defendants. Defendant **KENNETH RAY JEWETT** operated the vehicle he was driving in a negligent manner because he violated duties that he owed Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.   in driving at a speed greater than was reasonable and prudent under the circumstances in violation of Section 545.351 of the Texas Transportation Code;

   c.   in failing to maintain control of his vehicle;

   d.   in failing to control the speed of his vehicle;

   e.   in failing to maintain an assured clear distance from Plaintiff's vehicle in violation of Section 545.062 of the Texas Transportation Code; and

   f.   in driving his vehicle while distracted.

Defendant's negligence was a proximate cause of Plaintiff's injuries alleged herein.

9.      Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VI.
## CAUSES OF ACTION AGAINST HERITAGE TRANSPORT, LLC

10.     Defendant **HERITAGE TRANSPORT, LLC** is liable under the theory of *respondeat superior* in that Defendant **KENNETH RAY JEWETT** was acting within the course and scope of his employment with, or in furtherance of the business of, Defendant **HERITAGE TRANSPORT, LLC** at the time the incident occurred. Defendant **HERITAGE TRANSPORT, LLC** is responsible for the acts and/or omissions of Defendant **KENNETH RAY JEWETT** which whether taken singularly or in any combination, constitute negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

11.     In addition, Defendant **HERITAGE TRANSPORT, LLC** was independently negligent in one or more of the following aspects:

       a.   negligent hiring;
       b.   negligent retention;
       c.   negligent training;
       d.   negligent supervision; and
       e.   negligent entrustment.

12.     Defendant **HERITAGE TRANSPORT, LLC** is liable for the negligent entrustment of the subject motor vehicle to **KENNETH RAY JEWETT**. Defendant **HERITAGE TRANSPORT, LLC** owned and/or controlled the vehicle operated by **KENNETH RAY JEWETT** at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant **HERITAGE TRANSPORT, LLC** negligently entrusted the motor vehicle to **KENNETH RAY JEWETT**, whom Defendant knew or should have known was an unlicensed, incompetent and/or reckless driver. Defendant violated the duty to exercise ordinary care in the entrustment and operation of the company vehicle.

13.     Each of these acts and/or omissions, whether taken singularly or in any combination

---

constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VII.
## DAMAGES

14.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff, **CHRISTIAN ZARCO**, suffered severe bodily injury to her neck, back, spine, and other parts of his body generally.

15.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

16.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

17.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of her peers.  However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought.  In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

## VIII.
## INTEREST

18.     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
## JURY DEMAND

19.     Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## X.
## RULE 193.7 NOTICE

20.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to

Defendants that any and all documents produced by Defendants in response to written discovery

may be used against each Defendant and all Defendants producing the documents at any pre-trial

proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to

appear and answer, and on final trial, Plaintiff has judgment against Defendants in an amount

within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment

interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff

may be justly entitled by law and equity, including, but not limited to:

a)  Physical pain and suffering in the past;
b)  Physical pain and suffering in the future;
c)  Mental anguish in the past;
d)  Mental anguish in the future;
e)  Past medical expenses;
f)  Future medical expenses;
g)  Physical impairment in the past;
h)  Physical impairment in the future;
i)  Physical disfigurement in the past;
j)  Physical disfigurement in the future;
k)  Loss of wages in the past;
l)  Loss of wages in the future;
m) Loss of past/future wage earning capacity;
n)  Pre-judgment interest;
o)  Post-judgment interest;
p)  Exemplary damages; and
q)  Property damage and diminution of property value.

[SIGNATURES ON NEXT PAGE]

Respectfully submitted,

SANDOVAL | JAMES, PLLC


By: */s/ Lauren Spencer*
Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Lauren Spencer
Texas Bar No.: 24096336
Lauren.Spencer@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com4807
Spicewood Spring Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
**Attorneys for Plaintiff**



# CT Corporation

## Service of Process Transmittal
05/10/2021
CT Log Number 539524859

**TO:**    Debi Dobbins
The Heritage Group
5400 W 86th St
Indianapolis, IN 46268-1502

**RE:**    **Process Served in Texas**

**FOR:**    Heritage Transport, LLC  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christian Zarco, Pltf. vs. Heritage Transport, LLC and Kenneth Ray Jewett, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # D1GN21001943 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/10/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/10/2021, Expected Purge Date: 05/15/2021<br><br>Image SOP<br><br>Email Notification,  Debi Dobbins  dce@thgrp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / JR

**EXHIBIT C**

Travis County District Clerk
P.O. Box 679003
Austin, Texas 78767-9003

**CERTIFIED MAIL®**

7014 3490 0000 6724 3152

HERITAGE TRANSPORT, LLC
BY SERVING ITS REGISTERED AGENT CT CORPORATION
1999 BRYAN STREET #900
DALLAS. TEXAS 75201

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-21-001943**

CHRISTIAN ZARCO

, Plaintiff

vs.

HERITAGE TRANSPORT, LLC AND KENNETH RAY JEWETT

, Defendant

TO:   HERITAGE TRANSPORT, LLC
      BY SERVING ITS REGISTERED AGENT CT CORPORATION
      1999 BRYAN STREET #900
      DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:    CERTIFIED MAIL 7014 3490 0000 6724 3152

**YOU HAVE BEEN SUED.** You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 28, 2021 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 07, 2021.

REQUESTED BY:
LAUREN PAIGE SPENCER
4807 SPICEWOOD SPRINGS RD BLDG 2 STE 100
AUSTIN, TX 78759
BUSINESS PHONE:(512)369-3645   FAX:(512)382-6646

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

– – – – – – – – – – **R E T U R N** – – – – – – – – – –

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at

_____ within the County of _____ on the _____ day of

_____, _____, at _____ o'clock _____M.,

by delivering to the within named _____, each in person, a true copy of this citation

together with the PLAINTIFF'S ORIGINAL PETITION, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to

such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-21-001943                    SERVICE BY THE DISTRICT CLERK                    P01 - 000106396

4/28/2021 2:23 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001943
Ruben Tamez

CAUSE NO. <u>D-1-GN-21-001943</u>

| | | |
|---|---|---|
| **CHRISTIAN ZARCO** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **53RD**   **JUDICIAL DISTRICT** |
| | § | |
| **HERITAGE TRANSPORT, LLC AND** | § | |
| **KENNETH RAY JEWETT** | § | |
| *Defendants,* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff, **CHRISTIAN ZARCO**, hereinafter referred to by name or as "Plaintiff," and complains of **HERITAGE TRANSPORT, LLC** and **KENNETH RAY JEWETT** (hereinafter referred to by name or as "Defendants,") and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff is an individual residing in Leander, Travis County, Texas.

3.    Defendant **KENNETH RAY JEWETT** is an individual and not a resident of Texas. This Defendant may be served by and through the Secretary of State via in-person delivery or overnight mail to James E. Rudder Building 1019 Brazos, Room 105, Austin, Texas 78701 or certified mail return-receipt-requested to the Secretary of State via certified mail return-receipt-requested to P.O. Box 12079, Austin, Texas 78711-2079.

This nonresident Defendant does not have a designated agent for service of process; the nonresident does not maintain a regular place of business in Texas; and the nonresident does not have a designated agent for service of process. However, this lawsuit arises from the nonresident's business in Texas. Specifically, this Defendant committed a negligent act, described in further detail below, with reasonably foreseeable consequences in Texas.

4.     Defendant **HERITAGE TRANSPORT, LLC** is a foreign, legal entity conducting business in the State of Texas. This Defendant may be served by and through its registered agent, C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

### III.
### JURISDICTION & VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants reside and/or do business in the State of Texas. The court has jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of conducting business in Texas and by committing a tort, which is the basis of this suit, in whole or in part in Texas.

6.     Venue is proper before this Court under § 15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because the crash which injured Plaintiff and a substantial part of the events giving rise to this claim occurred in Travis County, Texas.

### IV.
### FACTS

7.     On or about August 18, 2019, Plaintiff, **CHRISTIAN ZARCO**, was lawfully traveling on FM 620 in Austin, Travis County, Texas, when Defendant **KENNETH RAY JEWETT** failed to maintain control over his vehicle, failed to control speed, failed to maintain an assured clear

distance, and crashed into the rear of Plaintiff's vehicle.. At the time of the collision, Defendant **KENNETH RAY JEWETT** was operating his vehicle in the course and scope of his employment with, or in furtherance of the business of, Defendant **HERITAGE TRANSPORT, LLC.** As a result of this collision, Plaintiff **CHRISTIAN ZARCO** sustained injuries and damages as further set out below.

## V.
## CAUSES OF ACTION AGAINST KENNETH RAY JEWETT

8.      The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff was proximately caused by the negligent conduct of the Defendants. Defendant **KENNETH RAY JEWETT** operated the vehicle he was driving in a negligent manner because he violated duties that he owed Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a.  in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.  in driving at a speed greater than was reasonable and prudent under the circumstances in violation of Section 545.351 of the Texas Transportation Code;

   c.  in failing to maintain control of his vehicle;

   d.  in failing to control the speed of his vehicle;

   e.  in failing to maintain an assured clear distance from Plaintiff's vehicle in violation of Section 545.062 of the Texas Transportation Code; and

   f.  in driving his vehicle while distracted.

Defendant's negligence was a proximate cause of Plaintiff's injuries alleged herein.

9.      Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VI.
## CAUSES OF ACTION AGAINST HERITAGE TRANSPORT, LLC

10.     Defendant **HERITAGE TRANSPORT, LLC** is liable under the theory of *respondeat superior* in that Defendant **KENNETH RAY JEWETT** was acting within the course and scope of his employment with, or in furtherance of the business of, Defendant **HERITAGE TRANSPORT, LLC** at the time the incident occurred. Defendant **HERITAGE TRANSPORT, LLC** is responsible for the acts and/or omissions of Defendant **KENNETH RAY JEWETT** which whether taken singularly or in any combination, constitute negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

11.     In addition, Defendant **HERITAGE TRANSPORT, LLC** was independently negligent in one or more of the following aspects:

        a.   negligent hiring;
        b.   negligent retention;
        c.   negligent training;
        d.   negligent supervision; and
        e.   negligent entrustment.

12.     Defendant **HERITAGE TRANSPORT, LLC** is liable for the negligent entrustment of the subject motor vehicle to **KENNETH RAY JEWETT**. Defendant **HERITAGE TRANSPORT, LLC** owned and/or controlled the vehicle operated by **KENNETH RAY JEWETT** at the time of the collision that makes the basis for Plaintiff's lawsuit. Defendant **HERITAGE TRANSPORT, LLC** negligently entrusted the motor vehicle to **KENNETH RAY JEWETT**, whom Defendant knew or should have known was an unlicensed, incompetent and/or reckless driver. Defendant violated the duty to exercise ordinary care in the entrustment and operation of the company vehicle.

13.     Each of these acts and/or omissions, whether taken singularly or in any combination

constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VII.
## DAMAGES

14.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff, **CHRISTIAN ZARCO**, suffered severe bodily injury to her neck, back, spine, and other parts of his body generally.

15.     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

16.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

17.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of her peers.  However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought.  In compliance with the rule, Plaintiff pleads for monetary relief over $1,000,000.00.

## VIII.
## INTEREST

18.     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
## JURY DEMAND

19.     Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## X.
## RULE 193.7 NOTICE

20.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendants that any and all documents produced by Defendants in response to written discovery may be used against each Defendant and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and on final trial, Plaintiff has judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a) Physical pain and suffering in the past;
b) Physical pain and suffering in the future;
c) Mental anguish in the past;
d) Mental anguish in the future;
e) Past medical expenses;
f) Future medical expenses;
g) Physical impairment in the past;
h) Physical impairment in the future;
i) Physical disfigurement in the past;
j) Physical disfigurement in the future;
k) Loss of wages in the past;
l) Loss of wages in the future;
m) Loss of past/future wage earning capacity;
n) Pre-judgment interest;
o) Post-judgment interest;
p) Exemplary damages; and
q) Property damage and diminution of property value.

[SIGNATURES ON NEXT PAGE]

Respectfully submitted,

SANDOVAL | JAMES, PLLC


By: */s/ Lauren Spencer*
Benedict "Ben" James
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Lauren Spencer
Texas Bar No.: 24096336
Lauren.Spencer@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 24083789
Esteban.Sandoval@sj-lawfirm.com4807
Spicewood Spring Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646
**Attorneys for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karen Martinez Perez on behalf of Benedict James
Bar No. 24058518
karen.martinezp@sj-lawfirm.com
Envelope ID: 52915306
Status as of 4/29/2021 11:08 AM CST

Associated Case Party: CHRISTIAN ZARCO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Maria Leos | | maria.leos@sj-lawfirm.com | 4/28/2021 2:23:06 PM | SENT |
| Karen Martinez-Perez | | karen.martinezp@sj-lawfirm.com | 4/28/2021 2:23:06 PM | SENT |
| Amanda Medved | | amanda.medved@sj-lawfirm.com | 4/28/2021 2:23:06 PM | SENT |
| Gina Perez | | gina.perez@sj-lawfirm.com | 4/28/2021 2:23:06 PM | SENT |
| Lauren Spencer | | lauren.spencer@sj-lawfirm.com | 4/28/2021 2:23:06 PM | SENT |

# THE **LAWYER REFERRAL SERVICE** OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

## IF YOU NEED A LAWYER
## AND DON'T KNOW ONE,
## THE LAWYER REFERRAL SERVICE
## CAN HELP

# 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.org

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,**
**bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

## SI USTED NECESITA EL CONSEJO DE UN
## ABOGADO Y NO CONOCE A NINGUNO
## PUEDE LLAMAR
## A LA REFERENCIA DE ABOGADOS

# 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.org

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,**
**indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

5/28/2021 2:38 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-21-001943**
**Adrian Rodriguez**

## CAUSE NO. D-1-GN-21-001943

| | | |
|---|---|---|
| **CHRISTIAN ZARCO** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **53RD JUDICIAL DISTRICT** |
| | § | |
| **HERITAGE TRANSPORT, LLC AND** | § | |
| **KENNETH RAY JEWETT** | § | |
| *Defendants.* | § | **TRAVIS COUNTY, TEXAS** |

### DEFENDANT HERITAGE TRANSPORT, LCC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Heritage Transport, LLC (hereinafter "Defendant") files this Original Answer to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition, and since they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.
### REQUEST FOR INITIAL DISCLOSURES

2.1.     Defendant requests that within 30 days of receipt of Defendant's Original Answer, all parties disclose the necessary information contained in Texas Rules of Civil Procedure, Rule 194.2 Initial Disclosures.

**EXHIBIT D**

### III.
### DEMAND FOR JURY TRIAL

3.1.   Defendant herein makes its demand for a jury trial in this case and hereby tenders

the appropriate fee.

### IV.
### PRAYER

4.1.   WHEREFORE, Defendant prays that Plaintiff take nothing by her suit, and for such

other and further relief, in law or in equity, to which Defendant may show himself justly entitled.


Respectfully Submitted,


*/s/ Lauren C. Doughty*
Daniel P. Buechler
State Bar No. 24047756
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com


Lauren C. Doughty
State Bar No. 24087442
THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone:  (512) 708-8200
Facsimile:  (512) 708-8777
Email:  ldoughty@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**HERITAGE TRANSPORT, LCC**

## <u>**CERTIFICATE OF SERVICE**</u>

       I certify that a true and correct copy of the foregoing document was served on all known counsel on May 28, 2021, pursuant to the Texas Rules of Civil Procedure as follows:

Benedict "Ben" James
Lauren Spencer
Esteban Sandoval
Sandoval James PLLC
Benedict.James@sj-lawfirm.com
Lauren.Spencer@sj-lawfirm.com
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Spring Road,
Bldg 2, Suite 100
Austin, Texas 78759
512.382.7707
512.382.6646 (fax)
**ATTORNEYS FOR PLAINTIFF**

                                      */s/ Lauren C. Doughty*           
                                        Daniel P. Buechler
                                        Lauren C. Doughty

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rebecca Anzak on behalf of Lauren Doughty
Bar No. 24087442
ranzak@thompsoncoe.com
Envelope ID: 53931300
Status as of 6/1/2021 11:31 AM CST

Associated Case Party: CHRISTIAN ZARCO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren Spencer | | lauren.spencer@sj-lawfirm.com | 5/28/2021 2:38:09 PM | SENT |
| Karen Martinez-Perez | | karen.martinezp@sj-lawfirm.com | 5/28/2021 2:38:09 PM | SENT |
| Maria Leos | | maria.leos@sj-lawfirm.com | 5/28/2021 2:38:09 PM | SENT |
| Gina Perez | | gina.perez@sj-lawfirm.com | 5/28/2021 2:38:09 PM | SENT |
| Alma Campos | | alma.campos@sj-lawfirm.com | 5/28/2021 2:38:09 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren CDoughty | | ldoughty@thompsoncoe.com | 5/28/2021 2:38:09 PM | SENT |
| Daniel PBuechler | | dbuechler@thompsoncoe.com | 5/28/2021 2:38:09 PM | SENT |

Travis County - Web Records  (https://www.traviscountytx.gov)

# District Clerk - AARO - Attorney Access to Records Online

# Details

**Updated : Tuesday, June 8, 2021 4:35:43 AM**

Request Documents (https://www.traviscountytx.gov/district

New Search (/aaro/)

**Cause Number**
D-1-GN-21-001943
**Style**
ZARCO V. HERITAGE TRANSPORT LL
**Filed Date**
4/28/2021
**Court**
53
**Type**
MOTOR VEHICLE ACCIDENT (GEN LIT )
**Case Status**
PENDING
**Action/Offense**
**Hearing Date**

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
|  | DEFENDANT |  | JEWETT , KENNETH RAY |
| DOUGHTY LAUREN CHRISTINE | DEFENDANT | HERITAGE TRANSPORT LLC |  |
| SPENCER LAUREN PAIGE | PLAINTIFF |  | ZARCO , CHRISTIAN |

| Date | Court | Party | Description | Category | Pages |  |
|---|---|---|---|---|---|---|
| 5/28/2021 | 53 | DF | ANSWER/RESPONSE | ANS-RESP | 4 | Download (/aaro/Default/GetPdf?barCodeId=7622692) |
| 5/26/2021 | 53 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7615868) |
| 5/24/2021 | 53 | PL | OTHER FILING | OTHER | 2 | Download (/aaro/Default/GetPdf?barCodeId=7615240) |
| 5/14/2021 | 53 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=7599711) |
| 5/11/2021 | 53 | DF | ISS:CITATION | ISSUANCE | 1 | Download (/aaro/Default/GetPdf?barCodeId=7594819) |
| 5/7/2021 | 53 | DF | ISS:CITATION | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7589318) |
| 5/7/2021 | 53 | DF | ISS:CITATION SEC ST-INS-HWY | ISSUANCE | 2 | Download (/aaro/Default/GetPdf?barCodeId=7589231) |
| 4/28/2021 | 53 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 8 | Download (/aaro/Default/GetPdf?barCodeId=7578164) |

Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

New Search (/aaro/)

© 2021 Travis County, Texas - All rights reserved.

EXHIBIT E

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTIAN ZARCO

**DEFENDANTS**

HERITAGE TRANSPORT, LLC, AND KENNETH RAY JEWETT

**(b)** County of Residence of First Listed Plaintiff    Travis
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    State of: Indiana
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lauren Spencer, Benedict James, and Esteban Sandoval, Sandoval James, PLLC, 4807 Spicewood Spring Road, Bldg. 2, Ste. 100, Austin, Texas 78759 (512) 382-7707

Attorneys *(If Known)*
Daniel P. Buechler and Lauren C. Doughty - Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, 25th Floor, Dallas, Texas 75201 (214) 871-8200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal ☐ 340 Marine / Injury Product ☐ 345 Marine Product / Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage ☐ 362 Personal Injury - / Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| ☐ 290 All Other Real Property | Employment / **Other:** ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | ☐ 950 Constitutionality of State Statutes |
| | Other / ☐ 550 Civil Rights ☐ 448 Education / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - / Conditions of / Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446

Brief description of cause:
Auto Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
June 9, 2021

SIGNATURE OF ATTORNEY OF RECORD
/S/ Lauren Doughty

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Austin                                DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

Cause No. D-1-GN-21-001943
Christian Zarco v. Heritage Transport, LLC and Kenneth Ray Jewett
53rd Judicial District Court, Travis County, Texas

2.      Was jury demand made in State Court?        ☒ Yes        ☐ No

If yes, by which party and on what date?

Plaintiff                                        04/28/2021
Party Name                                       Date

**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Plaintiff - c/o Lauren Spencer, Sandoval James, PLLC, 4807 Spicewood Springs Rd., Bldg. 2, Ste. 100, Austin, Texas 78759; Telephone (512) 382-7707; Fax (512) 382-6646
Defendant Heritage Transport, LLC - c/o Daniel P. Buechler, Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, 25th Floor, Dallas, Texas 75201; Telephone (214) 871-8200; Fax (214) 871-8209

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

Defendant - Kenneth Ray Jewett

TXWD - Supplement to JS 44 (Rev. 9/2019)                                        Page 1

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

**VERIFICATION**:

/S/ Lauren Doughty

Attorney for Removing Party

06/09/2021

Date

Heritage Transport, LLC

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**:

Additional Counsel for Defendant Heritage Transport, LLC - Lauren Doughty, Thompson, Coe, Cousins & Irons, LLP, 701 Brazos, Suite 1500, Austin, Texas 78701; Telephone (512) 708-8200; Fax (512) 708-8777